Skarzynski | Black

Skarzynski Black LLC
205 N. Michigan Ave., Suite 2600
Chicago, Illinois 60601
P 312.946.4200 | F 312.946.4272
skarzynski.com

**Peter F. Lovato, III**
Direct Line: 312.946.4250
plovato@skarzynski.com

July 14, 2017

Clerk of the Court
United States Court of Appeals, Seventh Circuit
219 S. Dearborn St., Room 2722
Chicago, Illinois 60604

Re: Response of Appellee, Novae Corporate Underwriting, Ltd. ("Novae") to Appellants' Citation of Supplemental Authority
*Diane M. Hendricks et al. v. Novae Corporate Underwriting, Ltd.*, No. 16-1712

Dear Clerk:

Appellants' letter dated June 30 (filed July 5) provides notice of the Texas Supreme Court's decision in *Great American Ins. Co. v. Hamel*, 2017 WL 2623067 (Tex. June 16, 2017), which applied the doctrine of *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996), to factual circumstances fundamentally different from those presented in this appeal.

In *Hamel*, the insurer breached its duty to defend. The court nevertheless held the judgment to be unenforceable because it had resulted from a non-adversarial trial. *Hamel*, 2017 WL 2623067 at *9; *Gandy*, 925 S.W.2d at 714. *Hamel* went on to hold, however, that "an insurer's *wrongful* refusal to defend presents a compelling reason to" allow litigation of underlying liability issues in the coverage litigation. *Hamel*, 2017 WL 2623067 at *10 (emphasis added)(explaining that "[b]y declining to defend or litigate its duties early, an insurer plays a key role in making such a complicated endeavor necessary. Certainly, relitigation of underlying liability and damages issues is not a perfect solution, but it is necessitated by the circumstances. The insurer should not benefit from the problem that it helped create . . . ").

The fundamental basis for *Hamel*'s reasoning is absent here. Novae had no duty to defend (Novae's Brief at 6, 30-31). Nor did Novae ever have an obligation to advance defense costs. Indeed, Novae sought an early determination of its duties by initiating coverage litigation—an effort that was held premature because Novae's policy obligations had not been triggered. Thus, Novae did not help create the problem.

Even if the *Hamel* circumstances were presented here, however, *Hamel* would still not support relitigation of underlying liability in this action. In *Hamel*, the insured did not obtain a release of the claims against it. Thus, the underlying plaintiff's claims outside of the unenforceable judgment could be relitigated in the coverage action. Here, Appellants specifically released all claims outside the agreed judgment. (*See* Novae's Brief at 9; SUPPA022.) Thus, unlike the underlying plaintiff in *Hamel*, Appellants have no remaining claims against Novae's insured that could be litigated in this coverage litigation.

Very truly yours,



**Rule 28 Certification**

The undersigned, counsel for Appellee, Novae Corporate Underwriting, Ltd., hereby certifies that this Response to Appellant's Citation of Supplemental Authority complies with the requirements of FRAP 28(j), as the body of the response letter does not exceed 350 words.

/s/Peter F. Lovato, III

**Certificate of Service**

The undersigned, counsel for Appellee, Novae Corporate Underwriting, Ltd., hereby certifies that on July 14, 2017, I electronically filed the foregoing document via the Court's CM/ECF system, which shall send notice to all counsel of record.

/s/Peter F. Lovato, III