**No. 16-1712**

**UNITED STATES COURT OF APPEALS**
**FOR THE SEVENTH CIRCUIT**

DIANE M. HENDRICKS and
HENDRICKS HOLDING COMPANY, INC.,
Plaintiffs-Appellants,

v.

NOVAE CORPORATE UNDERWRITING, LTD.,
Defendants-Appellee.

Appeal from the United States District Court
For the Northern District of Illinois, Eastern Division

Case No. 1:13-cv-05422

The Honorable Judge Sarah L. Ellis

# APPELLANTS' PETITION FOR REHEARING AND REHEARING *EN BANC*

Daryl E. Davis
LEO LAW FIRM, LLC
200 Randolph Avenue
Huntsville, AL 35801
256/539-6000
256/539-6024 (fax)

**Attorneys for Plaintiffs-Appellants Diane M. Hendricks and Hendricks Holding Company, Inc.**

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

## APPELLANT DIANE M. HENDRICKS AND HENDRICKS HOLDING COMPANY, INC.

Appellate Court No. 16-1712

Short Caption: Hendricks and Hendricks Holding Co., Inc. v. Novae Corporate Underwriting, Ltd.

(1) The full name of every party that the attorney represents in the case:

Diane M. Hendricks

Hendricks Holding Company, Inc.

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

- Meckler Bulger Tilson Marick & Pearson LLP
- Cozen O'Connor
- Leo Law Firm, LLC

(3) If the party or amicus is a corporation:

a. Identify all its parent corporations, if any: None.

b. List any publicly held company that owns 10% or more of the party's or amicus' stock: None.

Signature of Attorney: s/Daryl E. Davis Date: 9/1/2017

Attorney's Printed Name: Daryl E. Davis, Counsel of Record

Please indicate if you are Counsel of Record for the above listed parties pursuant to Circuit Rule 3(d). Yes __X__ No _____

Address: 200 Randolph Avenue
Huntsville, AL 35801
Phone Number: 256-539-6000
Fax Number: 256-539-6024
E-mail Address: ddavis@leo-law.com

# TABLE OF CONTENTS

**Page**


RULE 26.1 DISCLOSURE STATEMENT....................i

TABLE OF CONTENTS....................ii

TABLE OF AUTHORITIES....................iii

RULE 35(b) STATEMENT....................1

REASONS FOR GRANTING PANEL REHEARING....................2

ARGUMENT....................2

1. The Question Presented By This Case Should Be Certified To The Texas Supreme Court Pursuant to Seventh Circuit Rule 52(a) and Texas Rule of Appellate Procedure 58....................3

2. The Assignment Which Was Entered Into As A Result of Novae's Abandonment Of Its Insured Was Valid Under Texas Law....................4

3. Pursuant to *Hamel*, Hendricks Should Be Permitted to Establish American Patriot's Covered Damages In The District Court Coverage Action....................7

CONCLUSION....................8

CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULES 32, 35, AND 40 AND FEDERAL RULES 32, 35, AND 40....................9

CERTIFICATE OF SERVICE....................10

# TABLE OF AUTHORITIES

## Cases

*Easley v. Reuss*, 532 F.3d 592 (7th Cir. 2008)....................................................2

*Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008)....................................................1, 2, 4

*Great Am. Ins. Co. v. Hamel*, No. 14-1007, 2017 WL 2623067 (Tex. 2017)..............1-7

*State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996).........................1-4

## Rule

Fed. R. App. P. 35....................................................1

Fed. R. App. P. 40....................................................2

Circuit Rule 52....................................................1, 3

Tex. R. App. P. 58....................................................3

Plaintiffs-Appellants, Diane M. Hendricks and Hendricks Holding Company, Inc. ("Hendricks"), hereby move through their undersigned counsel for rehearing and rehearing *en banc* of the panel decision of this Court issued on August 18, 2017 (Dkt. 46). Hendricks also renews her request that this Court, in light of the intervening authority of the Texas Supreme Court in *Great American Ins. Co. v. Hamel,* No. 14-1007, 2017 WL 2623067 (Tex. 2017), certify the question presented in this appeal to the Texas Supreme Court pursuant to Seventh Circuit Rule 52(a), as this case involving the abandonment by an insurer of its insured in ongoing litigation involves an important Texas public policy question the Texas Supreme Court has yet to address where the insurance policy at issue imposes a settlement duty to pay defense costs.

## RULE 35(b) STATEMENT

The panel decision in this case conflicts with the June 16, 2017 decision of the Texas Supreme Court in *Hamel* and therefore rehearing and/or rehearing *en banc* should be permitted. In addition, the panel decision which predicts Texas law on a question of exceptional importance requires rehearing on the following grounds:

1. Whether the rule of *Gandy* as modified by the Texas Supreme Court first in *Evanston Ins. Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008) and then most recently in *Great American Ins. Co. v. Hamel*, No. 14-1007, 2017 WL 2623067 (Tex. 2017) has been properly applied by the Panel decision.

2. Whether under *Hamel* an assignment and a resulting judgment are invalid under Texas law when an insurer denies coverage and abandons its insured

leaving the insured in the untenable position of defending itself without adequate resources to do so and where the insurer admits it has a settlement duty and duty to pay defense costs "akin" to a duty to defend and that insurance is the defendant's only genuine source of recovery.

**REASONS FOR GRANTING PANEL REHEARING**

Panel rehearing is appropriate where, as here, this Court overlooked or misapprehended the import of the Texas Supreme Court's June 16, 2017 decision in *Hamel.* Fed. R. App. P. 40(a)(2). A petition for panel rehearing "should alert the panel to specific factual or legal matters that the party raised, but that the panel may have failed to address or may have misunderstood." *Easley v. Reuss*, 532 F.3d 592, 593 (7th Cir. 2008). Here, the Panel, while mentioning *Hamel*, failed to properly consider it and apply its modification of the *Gandy* rule to this case. The Panel in reaching its decision also explicitly misstated and declined to consider the specific facts and circumstances surrounding the settlement and assignment as required under *Hamel*.

**ARGUMENT**

On June 16, 2017, the Supreme Court of Texas issued its opinion in *Great American Ins. Co. v. Hamel*, No. 14-1007, 2017 WL 2623067, which clarified its prior holdings in *State Farm Fire & Cas. Co. v. Gandy*, 925 S.W.2d 696 (Tex. 1996) and *Evanston Ins. Co. v. ATOFINA Petrochemicals*, 256 S.W.3d 660 (Tex. 2008).

*Hamel* held that where a judgment was not the result of a fully adversarial trial (a requirement under *Gandy*) the Texas Supreme Court would not outright preclude the parties from litigating the underlying liability and damage issues in a

subsequent coverage action. *Hamel*, 2017 WL 2623067 at *10. In so holding, *Hamel* made clear that an insurer is not to be rewarded for abandoning its insured through an outright denial of coverage.

**1. The Question Presented By This Case Should Be Certified To The Texas Supreme Court Pursuant to Seventh Circuit Rule 52(a) and Texas Rule of Appellate Procedure 58.**

Seventh Circuit Rule 52(a) provides that when the rules of the highest court of a state provide for certification to that court by a federal court of a question arising under the laws of that state which will control the outcome of a case pending in the federal court, a party may move to certify the question to the state court in accordance with the rules of that court and to stay the case in federal court pending the state court's decision. Texas Rule of Appellate Procedure 58 provides that "[t]he Supreme Court of Texas may answer questions of law certified to it by any federal appellate court if the certifying court is presented with determinative questions of Texas law having no controlling Supreme Court precedent."

This is not an issue the Panel should have determined, the Panel should have certified the issue presented in this case, an issue of first impression as evident from the *Hamel* decision, to the Texas Supreme Court. Instead the Panel, without any analysis of *Hamel*, attempted to predict what the Texas Supreme Court would do if presented with a settlement and assignment that resulted from an insurer's denial of coverage under a policy such as that issued by Novae which imposed both settlement obligations and imposed a duty to pay defense costs to the insured "akin" to a duty to defend.

Hendricks believes based upon its recent *Hamel* decision which recognized the confusion caused by *Gandy* and its progeny, the Texas Supreme Court would find the assignment at issue here valid for three reasons: (1) the assignment was entered after Novae denied coverage and abandoned its insured; (2) the settlement and assignment were a direct result of Novae's denial of coverage and abandonment; and (3) the recognition of such a settlement and assignment is consistent with Texas public policy.

Hendricks again urges this Court to certify the question to the Texas Supreme Court for a definitive answer of this important question.

**2. The Assignment Which Was Entered Into As A Result Of Novae's Abandonment Of Its Insured Was Valid Under *Hamel*.**

The Panel decision recognized that "*Gandy*'s holding was explicit and narrow, applying only to a specific set of assignments with specific attributes." *ATOFINA*, 256 S.W.3d at 673. Yet the Panel erroneously applied the *Gandy* holding to the assignment in this case. The Panel decision turned on what it characterized as the absence of a duty to defend in the Novae policy, finding that dispositive. The Panel, however, misstated and declined to consider the actual facts and circumstances surrounding the assignment and settlement which were material to Texas public policy. The Panel not only failed to examine Novae's own policy language and its admissions regarding the duties owed under that policy, it neglected to consider that it was Novae's abandonment of its insured which resulted in the settlement and the import of that abandonment under *Hamel*.

The Panel's determination was flawed as the Panel improperly balanced competing Texas public policy considerations concerning an insurer's abandonment and insured's assignment, and reached a decision in conflict with the Texas Supreme Court's holding in *Hamel*. First, the Panel failed to evaluate the underlying facts in the record to determine if the settlement and assignment were collusive. Second, the Panel ignored that Novae itself believed it owed its insured a duty "akin" to a duty to defend under its policy. Novae admitted before Judge Grady in *Novae Underwriting, Ltd. v. Cunningham-Lindsey Claims Management, Inc.*, No. 1:07-CV-05278, that it owed both settlement-related duties to its insured, Cunningham-Lindsey, and the contractual obligation to pay defense costs … "an obligation akin to a duty to defend". (SSA 2.) Novae declined both in denying coverage to Cunningham-Lindsey, leaving Cunningham-Lindsey in the same position as the insured in *Hamel.*

In *Hamel*, the Texas Supreme Court admonished Great American, stating that **<u>the insurer</u>** had complicated the roles between the various parties by abandoning its insured. *Hamel*, 2017 WL 2623067 at *10-11. By abandoning its insured, Great American's actions put its insured in a position where he would have to defend himself without adequate means to do so and without any other recourse. *Id.* As the Texas Supreme Court expressly recognized, without allowing a settlement of the underlying lawsuit and assignment, the plaintiff and defendant in the underlying lawsuit were faced with unsustainable positions, caused by the insurer's abandonment:

> An insurer's refusal to defend or to even attempt to litigate its duties while the underlying suit is pending carries significant risks, and for good reason. It places the burden on the insured to defend itself, often without adequate resources to do so. It can also leave the plaintiff in an

> untenable position. The defendant's insurer is often the plaintiff's only real source of recovery, but without the insurer's involvement in the lawsuit the likelihood of a fully adversarial trial diminishes substantially. Those concerns were manifested in this case. To some degree, the parties' conduct is simply an attempt to make the best of a situation that Great American created by refusing to defend.
>
> * * *
>
> By declining to defend or litigate its duties early, an insurer plays a key role in making such a complicated endeavor necessary. Certainly, relitigation of underlying liability and damages issues is not a perfect solution, but it is necessitated by the circumstances. The insurer should not benefit from the problem it helped create, as Great American's proposed solution—rendition of judgment in its favor—would allow. Rather, under the approach we adopt today, the insurer will have the opportunity to challenge its insured's underlying liability and the resulting damages, the abandoned insured is protected, and the burden on the plaintiff is fair.

Here, just as in *Hamel,* there should be no invalidation of the assignment because Novae abandoned its insured. Left without the insurance protection it bargained for, Cunningham-Lindsey was faced with the prospect of substantial liability to American Patriot which Cunningham-Lindsey would have had to satisfy out of its own resources.[1]

Only <u>after</u> Cunningham-Lindsey was abandoned by Novae and <u>after</u> Novae knew that a proposed settlement of the American Patriot claim would involve amounts within its policy did Cunningham-Lindsey and American Patriot agree to a compromise judgment and Cunningham-Lindsey assigned all of its rights against Novae to Hendricks' predecessor-in-interest, American Patriot. Therefore, consistent

[1] In Novae's own words, "Novae ... disclaimed coverage for all loss [Cunningham-Lindsey] ha[d] incurred, **<u>or may in the future incur</u>**, in the American Patriot Claim." (SSA 17) (emphasis added). Novae further acknowledged that "Novae has disclaimed coverage for the American Patriot Claim *in its entirety*." (SSA 17) (emphasis in original).

with *Hamel*, because the settlement at issue was entered into as a result of Novae's abandonment, even if the settlement and assignment "prolonged or distorted" the litigation, just as in *Hamel*, the assignment should have been found valid and Hendricks should be permitted to pursue her claim against Novae to establish her damages in a fully adversarial trial in the District Court.

### 3. Pursuant to *Hamel,* Hendricks Should Be Permitted To Establish American Patriot's Covered Damages Against Novae's Insured In The District Court Coverage Action.

Hendricks agrees with the Panel that the underlying judgment is not in and of itself determinative. The Panel decision, however, errs in preventing Hendricks the opportunity to actually prove her underlying damages in the coverage action. As *Hamel* held, where an insurer abandons its insured, the insured's assignee should be permitted to prove damages in a fully adversarial trial in the coverage action. *Hamel*, 2017 WL 2623067 at *10. Consistent with the Texas Supreme Court's intervening decision in *Hamel,* Hendricks submits that rehearing, and/or rehearing *en banc* is therefore warranted for a review of the panel decision in light of *Hamel* and/or for a certification of the questions (public policy issues) presented, which can be characterized as issues of first impression under *Hamel*, to the Texas Supreme Court.

## CONCLUSION

For these reasons, Hendricks requests that rehearing and/or rehearing *en banc* be granted.

Dated: September 1, 2017

DIANE M. HENDRICKS and
HENDRICKS HOLDING COMPANY, INC.,

By: s/ Daryl E. Davis
One of their Attorneys

Daryl E. Davis
LEO LAW FIRM, LLC
200 Randolph Avenue
Huntsville, AL 35801
256/539-6000
256/539-6024 (fax)

**CERTIFICATE OF COMPLIANCE WITH**
**CIRCUIT RULES 32, 35, AND 40 AND FEDERAL RULES 32, 35, AND 40**

(1) This brief contains less than 3,900 words.

(2) This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Word in 12 inch font size in Century Schoolbook type style.

Dated: September 1, 2017

DIANE M. HENDRICKS and
HENDRICKS HOLDING COMPANY, INC.,

By: s/ Daryl E. Davis
One of their Attorneys

Daryl E. Davis
LEO LAW FIRM, LLC
200 Randolph Avenue
Huntsville, AL 35801
256/539-6000
256/539-6024 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned attorney, certify that on September 1, 2017, I served a copy of the foregoing and upon all parties through the CM/ECF filing system.

DIANE M. HENDRICKS and
HENDRICKS HOLDING COMPANY, INC.,

By: s/ Daryl E. Davis
One of their Attorneys

Daryl E. Davis
Leo Law Firm, LLC
200 Randolph Avenue
Huntsville, AL 35801
256/539-6000
256/539-6024 (fax)